UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY PEREZ, | ) | 1:08-CV-01665 LJO JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR A STAY PENDING APPEAL |
| v. | ) | [Doc. 21] |
| | ) | |
| | ) | ORDER GRANTING RESPONDENT'S |
| J.D. HARTLEY, *Warden A.S.P.*, | ) | MOTION FOR TEMPORARY STAY TO |
| | ) | PETITION NINTH CIRCUIT FOR A STAY |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Ricky Perez is a State prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

On June 18, 2010, the Magistrate Judge issued a Findings and Recommendations, recommending that the petition for writ of habeas corpus be granted. (Court. Doc. 16). On August 12, 2010, the Court granted the petition for writ of habeas corpus and adopted the Magistrate Judge's Findings and Recommendations in full. (Court. Doc. 19).

In granting the petition, the Court ordered as a remedy that:

> The California Board of Parole Hearings shall find Petitioner suitable for parole unless, within 30 days of the finality of this decision, the Board holds a hearing and determines that new evidence of his conduct in prison or change in mental status subsequent to the November 2006 parole consideration hearing is sufficient to support a finding that Petitioner currently poses an unreasonable risk of danger to society if released on parole. In the absence of any such new evidence, the Board shall calculate a prison term and release date for Petitioner in accordance with California law. Further, if the release date already has lapsed, Respondent shall, within 10 days of the Board's hearing, either release Petitioner forthwith if his release date lapsed more than three years earlier, or release Petitioner on parole for that period of his three year parole term that remains if the release date lapsed less than three years earlier.

(Id. at 8).

On August 26, 2010, Respondent submitted a motion to stay the Court's August 12, 2010,

order in conjunction with Respondent's notice of appeal. (Court. Docs. 21, 22). Alternatively, Respondent asked for a temporary stay of the Court's order to permit Respondent time to apply for interim relief pending appeal.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). Thus, the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Id*; *see also Southwest Marine*, 242 F.3d at 1166. In relevant part, Rule 62(c) reads:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

Fed. R. Civ. P. 62(c).

Initially, the Court notes that the "party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1994). Here, Respondent argues that the balancing of the factors articulated in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) weigh in favor of the Court exercising its discretion to issue a stay pending appeal. (Resp't Mot. Stay at 3). The factors to be considered in deciding whether to issue a stay of release are the same as those governing stays of civil judgment. They include: (1) whether Respondent has made a strong showing of likelihood of success on the merits; (2) whether Respondent will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776.

After balancing the *Hilton* factors, the Court finds that a stay is not appropriate. Respondent has not made a sufficient showing of likelihood of success on appeal as Respondent advances the same arguments that the Court of Appeals for the Ninth Circuit rejected in several recent decisions.

*See Pearson v. Muntz*, 606 F.3d 606, 610 (9th Cir. 2010) (finding California right to parole absent some evidence of current dangerousness is protected by federal due process); *see also Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010).

Additionally, Respondent's argument regarding the impropriety of the remedy was rejected by the Ninth Circuit in *Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1025 (9th Cir. 2010). In *Pirtle*, the Ninth Circuit stated that:

> The State argues that the district court's remedy was improper, and that the appropriate remedy would be to remand the case to the Board with instructions to hold another hearing. There is no merit to this argument. *Federal courts have the latitude to resolve a habeas corpus petition "as law and justice require."* 28 U.S.C. § 2243. *Ordering the release of a prisoner is well within the range of remedies available to federal habeas courts*. "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him."

*Id*. (emphasis added) (quoting *Fay v. Noia*, 372 U.S. 391, 430-31 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977)).

Respondent contends that the Court's remedy is improper in light of *In re Prather*, 50 Cal. 4th 238 (2010). However, the *Prather* decision stems from Article III, section 3 of the California Constitution regarding separations of powers. Respondent has failed to cite to any authority holding that a federal court's ability to fashion a remedy is constrained by state law. In light of the Ninth Circuit's holding in *Pirtle*, the Court finds such an argument unpersuasive.

Respondent argues that a stay is necessary for Respondent to have the opportunity to meaningfully challenge this Court's decision. The Court finds that this argument alleges only speculative injury. As speculative injury does not constitute irreparable injury, *Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1988), this factor does not weigh in favor of granting a stay.

Likewise, the Court finds Respondent's contention that a stay would not substantially injure Petitioner unpersuasive. While Respondent is correct that Petitioner is serving an indeterminate life term "for which he is seeking early release on parole," (Resp't Mot. Stay at 11), continuing Petitioner's incarceration after a successful habeas petition would not only constitute a substantial injury to Petitioner but also extend the constutional violation Petitioner has suffered. *See*

*McCullough v. Kane*, 2008 WL 512709, *6 (N.D. Cal. Feb. 25, 2008) (stating that "[t]o remain in prison after a successful habeas petition injures [Petitioner] and extends the due process violation already recognized by the court" in also noting that long delay in appellate process weighs in favor of release); *see Mezhbein v. Salazar*, 2008 WL 1908533, *3 (C.D. Cal. April 27, 2008) (stating, "[a] stay pending appeal will substantially harm Petitioner...if the stay is granted Petitioner will face a prolonged period of continued incarceration when the Court has already determined that the denial of parole was not supported by the evidence. There can be no doubt that a stay will substantially injure Petitioner"); *see also Saldate v. Adams*, 573 F. Supp. 2d 1303, 1315 (E.D. Cal. July 10, 2008) (rejecting Respondent's argument that a stay would not substantially injure Petitioner because of Petitioner's indeterminate life sentence and finding that a stay under the *Hilton* factors was not appropriate).

Lastly, the Court finds that the last factor weighs against granting a stay. As the Ninth Circuit noted in *Biggs v. Terhune*, 334 F.3d 910, 916-917 (9th Cir. 2003),"the public has an interest in rewarding an inmate's rehabilitation and positive conduct." *See also Saldate v. Adams*, 573 F. Supp. 2d at 1315 (finding Respondent has failed to establish that public interest weighed in favor of granting stay based on argument that public has an interest in ensuring that decisions by the Board remain undisturbed).

## CONCLUSION

After reviewing the *Hilton* factors, the Court finds that a stay is inappropriate. Consequently, the Court DENIES Respondent's application for a stay pending appeal.

Respondent's alternative motion for a temporary stay of the Court's August 12, 2010, order is GRANTED. The temporary stay will last *ten court days* from the date of this order so that Respondent may file in the Ninth Circuit an application for a stay or any other application for interim relief pending the appeal. *See* 9th Cir. R. 27-2.

IT IS SO ORDERED.

**Dated:   September 3, 2010**                /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE