UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PEREZ, ) | No. 1:08-CV-1665 LJO JMD (HC) |
| ) | |
| Petitioner, ) | ORDER DENYING RESPONDENT'S |
| ) | RENEWED MOTION TO STAY |
| ) | |
| v. ) | (Doc. No. 28) |
| ) | |
| ) | |
| J.D. HARTLEY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Currently pending before the Court is Respondent's renewed motion to stay. For the reasons that follow, the Court will deny the motion.

**BACKGROUND**

Ricky Perez ("Petitioner") challenged the denial of a parole date through this habeas corpus proceeding. On August 13, 2010, the Court adopted the Magistrate Judge's Findings and Recommendation and granted Petitioner's writ of habeas corpus. See Court's Docket Doc. No. 19. The Court reviewed the denial of a parole date and determined that the state court's decision was not supported by "some evidence." Id. The Court ordered the California Board of Parole Hearings ("Board") to find Petitioner suitable for parole unless, within 30 days the Board held a hearing and determined that new evidence of Petitioner's conduct in prison or change in mental status subsequent to the November 2006 parole hearing, was sufficient to support a finding that Petitioner currently posed an unreasonable risk of danger to society. Id. at 8. In the absence of any new evidence, the Court ordered the Board to calculate a release date. Id.

On August 26, 2010, Respondent requested that the Court issue a stay in conjunction with Respondent's notice of appeal. See Court's Docket Doc. Nos. 21, 22. Alternatively, Respondent

asked for a temporary stay of the Court's order. Id. On September 7, 2010, the Court denied Respondent's application for a stay but granted Respondent's motion for a ten day temporary stay. See Court's Docket Doc. No. 26. On September 13, 2010, the Ninth Circuit Court of Appeals denied Respondent's motion to stay the Court's August 13, 2010 order. See Court's Docket Doc. No. 27.

On September 17, 2010, the Board released Petitioner. See Court's Docket Doc. No. 28.

On November 16, 2010, Respondent filed a renewed motion to stay the Court's August 13, 2010 judgment pending appeal. Respondent argues that a stay should be issued in light of the Ninth Circuit's October 12, 2010 ruling in Haggard v. Curry, 623 F.3d 1035 (9th Cir. 2010).

**RESPONDENT'S RENEWED MOTION**

Respondent's Argument

Respondent argues that the Court has the authority to preserve the status quo pending an appeal. Respondent contends that the Court's remedy is contrary to Haggard because the Court ordered the Board to find Petitioner suitable for parole absent certain conditions and then to release him without giving the Governor an opportunity to review the parole suitability determination.[1] Respondent asserts that under Haggard, the proper remedy was a new hearing consistent with the state's "some evidence" requirement. Because the Court ordered an improper remedy, Respondent argues that it has a high probability of success on appeal under the Hilton factors.[2] Further, the remaining Hilton factors weigh in favor of issuing a stay as described by Haggard. Namely, that Petitioner will not be irreparably injured because Petitioner is not entitled to immediate release, and the public interest weighs in favor of a stay because it allows the responsible state agency to

---

[1] The relevant portion of the order provides: "The California Board of Parole Hearings shall find Petitioner suitable for parole unless, within 30 days of the finality of this decision, the Board holds a hearing and determines that new evidence of his conduct in prison or change in mental status subsequent to the November 2006 parole consideration hearing is sufficient to support a finding that Petitioner currently poses an unreasonable risk of danger to society if released on parole. In the absence of any such new evidence, the Board shall calculate a prison term and release date for Petitioner in accordance with California law." See Court's Docket Doc. No. 19 at 8.

[2] The Hilton factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

U.S. District Court
E. D. California

2

determine parole suitability.[3]

Discussion

The Court is not persuaded that it has the authority to issue a stay. First, the writ in this case ordered the Board to find Petitioner suitable for parole unless, within 30 days the Board held a hearing and determined that new evidence of Petitioner's conduct in prison or change in mental status subsequent to the November 2006 parole hearing, was sufficient to support a finding that Petitioner currently posed an unreasonable risk of danger to society. See Court's Docket Doc. No. 19 at 8. On September 17, 2010, after the Ninth Circuit declined to issue a stay, the Board followed the directive of the writ by holding a new hearing and evaluating whether there was new evidence of current dangerousness. The Board concluded that there was no new evidence of current dangerousness and released him on parole. See Motion to Stay Exhibit 1 at 47-52. Here, the Board complied with the Court's writ and Petitioner was ultimately released. Given that the Court's August 13, 2010 order has already been executed there is nothing for this Court to stay. See Valdivia v. Brown, 2010 WL 5115182, *1 (E.D. Cal. Dec. 8, 2010) (denying motion to stay in habeas case as moot where Petitioner had already been released and the district court's order had been fully executed); see also George v. Sullivan, 2010 WL 5393675, *2-3 (E.D. Cal. Dec. 21, 2010) (denying motion to stay in habeas case where the district court's order had already been executed, petitioner had been released, and where a stay would significantly change the then existing status quo). Since there is nothing for the Court to stay, Respondent's renewed motion to stay the Court's August 13, 2010, writ appears moot. See Valdivia, 2010 WL 5115182.

Second, as the Respondent acknowledged, the purpose of a stay is to preserve the status quo. See Natural Resources Defense Council, Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). "A district court's exercise of jurisdiction should not materially alter the status of the case on appeal." See Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001). Citing to Natural Resources, Respondent appears to argue that the status quo is the situation that existed at the time of

---

[3] Respondent also asserts that the Court erroneously presumed that Petitioner was subject to a three-year parole term. Respondent argues that because Petitioner committed his murder after January 1, 1979, he is subject to a five-year parole term. The Court will not express an opinion on this matter in the absence of a properly filed motion.

the appeal. However, Natural Resources is distinguishable from this case. In Natural Resources, the district court made minor modifications to an existing injunction and the modifications did not materially alter the status quo. See Natural Resources, 242 F.3d at 1165-67. Natural Resources involved an injunction that had been issued prior to an appeal. In contrast, here no injunction or stay was issued prior to Respondent's appeal, and neither this Court nor the Ninth Circuit took steps to preserve the status quo as of the time of the Respondent's appeal. Since the time of Respondent's appeal, the circumstances of this case have changed significantly in that the Ninth Circuit declined to issue a stay, the Board held a new hearing and issued a parole date, and Petitioner has been released. Respondent's motion would materially alter the now existing status quo. Given, the posture of this case, the Court is not convinced that looking back to the facts of the case as they existed in August 2010, would be appropriate.

## **CONCLUSION**

Respondent has not shown that a stay is appropriate. First, the writ has been executed by the Board. Because the writ has been executed, there is nothing for the Court to stay. As such, the renewed motion to stay the August 2010 writ appears to be moot. Second, the Court may issue a stay or injunction in order to preserve the status quo, but otherwise loses jurisdiction once an appeal is filed. However, this Court and the Ninth Circuit have previously denied stays, and the status quo has changed significantly since Respondent's appeal in August 2010. Respondent has not shown that it is appropriate to look at the status quo as it existed in August 2010.

Accordingly, IT IS HEREBY ORDERED that Respondent's renewed motion to stay is DENIED.

IT IS SO ORDERED.

Dated:   **January 5, 2011**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE