UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PEREZ, | No. 1:08-CV-1665 LJO JMD (HC) |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION |
| v. | ORDER TO NOTIFY FEDERAL DEFENDER OF PETITIONER'S RETURN TO CUSTODY |
| J.D. HARTLEY, | ORDER DIRECTING RESPONDENT TO NOTIFY COURT WHEN PETITIONER IS RETURNED TO CUSTODY |
|     Respondent. | (Doc. No. 33) |

Currently pending before the Court is Respondent's "Emergency Motion to Authorize State Officials to Return Petitioner to Custody Pending Resolution of the Appeal." See Doc. No. 33. For the reasons that follow, the Court will grant the motion.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On October 23, 2008, Ricky Perez ("Petitioner") challenged the denial of a parole date through this habeas corpus proceeding. Petitioner pled guilty to charges of second-degree murder with a firearm enhancement in 1982. The trial court sentenced Petitioner to a term of fifteen years to life in prison. See Petition at 2. On August 13, 2010, the Court adopted the Magistrate Judge's Findings and Recommendation and granted Petitioner's writ of habeas corpus. See Court's Docket Doc. No. 19. The Court reviewed the denial of a parole date and determined that the state court's decision was not supported by "some evidence." Id. The Court ordered the California Board of Parole Hearings ("Board") to find Petitioner suitable for parole unless, within 30 days the Board held a hearing and determined that new evidence of Petitioner's conduct in prison or change in mental status subsequent to the November 2006 parole hearing, was sufficient to support a finding that Petitioner currently posed an unreasonable risk of danger to society. Id. at 8. In the absence of any

new evidence, the Court ordered the Board to calculate a release date.  Id.

On August 26, 2010, Respondent requested that the Court issue a stay in conjunction with Respondent's notice of appeal.  See Court's Docket Doc. Nos. 21, 22.  On September 7, 2010, the Court denied Respondent's application for a stay but granted Respondent's motion for a ten day temporary stay.  See Court's Docket Doc. No. 26.  On September 13, 2010, the Ninth Circuit Court of Appeals denied Respondent's motion to stay the Court's August 13, 2010 order.  See Court's Docket Doc. No. 27.

On September 17, 2010, the Board held a new hearing and found that Petitioner was suitable for parole.  See Court's Docket Doc. No. 28.  On September 17, 2010, Petitioner was released and discharged from parole.  See Doc. No. 33 at 2.

On November 16, 2010, Respondent file a renewed motion to stay the Court's August 13, 2010 order.  See Doc. 28.  On January 5, 2011, this Court denied Respondent's motion to stay.  See Doc. No. 31.

On February 14, 2011, the Governor reversed the Board's grant of parole and concluded that Petitioner's release from prison poses an unreasonable risk of danger.  See Doc. No. 33, Exhibit 2.

On February 17, 2011, Respondent filed an emergency motion in the Ninth Circuit seeking authorization to return Petitioner to custody pending resolution of the appeal.  Respondent's motion was based on the recent United States Supreme Court case in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam).

On February 23, 2011, the Ninth Circuit Court of Appeals issued an order remanding the appeal to the District Court "for the limited purpose of enabling the district court to consider whether state prison officials should be authorized to return petitioner-appellee to custody pending resolution of this appeal, if a motion raising that issue is filed in the district court."  See Doc. No. 32.

On February 24, 2011, Respondent filed the pending motion, which seeks an order from this Court authorizing State Prison Officials to return Petitioner to custody.

/ / /

/ / /

/ /

II.  **DISCUSSION**

A.  Respondent's Argument

Respondent argues that state prison officials should be given the authority to return him to custody pending appeal in light of the United States Supreme Court's recent decision in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam). Respondent also contends the Governor's recent decision finding that Petitioner poses an unreasonable risk of danger to society also supports Petitioner's return to custody. Respondent argues immediate relief is necessary due to Petitioner's incentive to flee given Respondent's strong likelihood of success on appeal pursuant to Swarthout and because of the Governor's decision.

B.  Resolution

The Court finds that state authorities are authorized to return Petitioner to custody for the purpose of appearing before the Court for a continued detention hearing. The Court has determined this action is necessary for the following reasons: (1) Respondent's likelihood of success on the merits pursuant to Swarthout; (2) the Governor's February 14, 2011 decision finding that Petitioner poses an unreasonable risk of danger; and (3) Petitioner's risk of flight in light of preceding factors (1) and (2).

First, this Court's August 13, 2010 order was based on a finding that the Board's decision did not comport with California's "some evidence" standard. However, on January 24, 2011, the United States Supreme Court held in Swarthout, 131 S.Ct. at 862, that federal courts may not review a California parole decision for the existence of "some evidence." The Supreme Court held that "no opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Swarthout, 131 S.Ct. at 862. A federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 131 S.Ct. at 862 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). In light of this intervening federal authority, Respondent has made a strong showing that he is likely to succeed on the merits. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Second, on February 14, 2011, the Governor reversed the Board and found that Petitioner

posed an unreasonable risk of danger to society if released from prison. The Governor based his decision in part on the circumstances of Petitioner's second degree murder offense and notes: "[Petitioner's] crime was especially heinous and cruel. In a display of extreme callousness, after stabbing the victim, [Petitioner] crushed her head with a large rock." See Doc. No. 33, Exhibit 2. The Governor also found that Petitioner failed to develop adequate insight into the reasons that caused him to commit the crime and that findings by the 2009 psychological evaluator caused him to question Petitioner's suitability for parole. Id. Accordingly, the Governor concluded that Petitioner remains a danger to the public.

Third, as noted in Respondent's moving papers, when Petitioner was released on September 17, 2010, he was discharged of parole and does not appear to be under any parole supervision. See Doc. No. 33 at 2. Given Respondent's likelihood of success on the merits of the appeal, the Governor's unfavorable decision to Petitioner, and Petitioner's lack of current supervision, the Court agrees with Respondent's concerns regarding Petitioner's risk of flight.

Accordingly, the Court finds that state authorities are authorized to return Petitioner to custody for the purpose of appearing before the Court for a hearing on his continued detention.

C.  Appointment of Counsel

In the present case, the Court has reviewed the record and finds that the interests of justice would be served by appointment of counsel at this time. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require" (see Rule 8(c), Rules Governing Section 2254 Cases) and "such person is financially unable to obtain representation" (see 18 U.S.C. §3006A(a)(2)(B)); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

Accordingly, in the interests of justice, upon Petitioner's request, the Court will appoint counsel for the limited purpose of representing Petitioner at the remand hearing and to address the limited issue of Petitioner's continued custody status. Such appointment will be made at the hearing

itself, with this Court's advance notice to the Federal Defender's office.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. State Authorities are authorized to return Petitioner to custody;

2. Within (2) two court days of Petitioner's return to custody, Respondent and Petitioner shall appear before U.S. District Judge Lawrence O'Neill in Courtroom Four for a continued custody hearing;

3. At Petitioner's request, Petitioner will be appointed counsel for the limited purpose of representing Petitioner at the remand hearing and to address the limited issue of Petitioner's continued custody status;

4. At the remand hearing, the Court will set an expedited briefing schedule on the issue of Petitioner's continued detention;

5. Respondent is directed to notify Courtroom Deputy Irma Lira at (559) 494-5682 upon Petitioner's return to custody; and

6. The Clerk of the Court is directed to serve a copy of this Order on Petitioner at 505 West San Antonio, Clovis, Ca, 93612, the Federal Defender's Office, attention Fresno Branch Chief Francine Zepeda, and Respondent.

IT IS SO ORDERED.

Dated:     **February 25, 2011**          **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE