UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY PEREZ, | ) | No. 1:08-CV-1665 LJO JMD (HC) |
|           Petitioner, | ) ) ) | ORDER REGARDING PETITIONER'S CONTINUED CUSTODY STATUS |
| v. | ) ) ) ) | ORDER RESCINDING THE COURT'S FEBRUARY 25, 2011 ORDER (DOC. NO. 34) |
| J.D. HARTLEY, | ) ) | (Doc. No. 33) |
|           Respondent. | ) ) | |

## I.    INTRODUCTION

Petitioner Ricky Perez ("Petitioner"), a state prisoner at the time this action was initiated, obtained habeas corpus relief from this Court on August 13, 2010. Respondent appealed the order granting Petitioner relief. On February 23, 2011, the Ninth Circuit Court of Appeals remanded this case "for the limited purpose of enabling the district court to consider whether state prison officials should be authorized to return petitioner-appellee to custody pending resolution of this appeal, if a motion raising that issue is filed in the district court." See Court's Docket Doc. No. 32. Pending before the Court is Respondent's emergency motion seeking authorization to keep Petitioner in custody pending the outcome of his appeal. See Doc. No. 33.

## II.    APPEARANCES

On March 3, 2011, the Court held a continued custody hearing. Assistant Federal Defender Monica Knox appeared on behalf of Petitioner, who was present in court. Deputy Attorney General Maria Chen appeared on behalf of the Respondent.

## III.    PROCEDURAL HISTORY

Petitioner pled guilty to charges of second-degree murder with a firearm enhancement in

1982.  The trial court sentenced Petitioner to a term of fifteen years to life in prison.  See Petition at 2.  In November 2006, the Board of Parole Hearings ("the Board") denied Petitioner a parole release date.

On October 23, 2008, Petitioner filed a petition for writ of habeas corpus challenging the Board's denial of a parole release date to him.  On August 13, 2010, the Court adopted the Magistrate Judge's Findings and Recommendation and granted Petitioner's writ of habeas corpus.  See Doc. No. 19.  The Court reviewed the denial of a parole date and determined that the state court's decision was not supported by "some evidence."  Id.  The Court ordered the Board to find Petitioner suitable for parole unless, within 30 days, the Board held a hearing and determined that new evidence of Petitioner's conduct in prison or change in mental status subsequent to the November 2006 parole hearing warranted a finding that Petitioner currently posed an unreasonable risk of danger to society.  Id. at 8.  In the absence of any new evidence, the Court ordered the Board to calculate a release date in accordance with California law.  Id.  The Court further held:

> if the release date already has lapsed, Respondent shall, within 10 days of the Board's hearing, either release Petitioner forthwith if his release date lapsed more than three years earlier, or release Petitioner on parole for that period of his three year parole term that remains if the release date lapsed less than three years earlier.

Id.

On August 26, 2010, Respondent requested that the Court issue a stay in conjunction with Respondent's notice of appeal.  See Doc. Nos. 21, 22.  On September 7, 2010, the Court denied Respondent's application for a stay but granted Respondent's motion for a ten day temporary stay.  See Doc. No. 26.  On September 13, 2010, the Ninth Circuit Court of Appeals denied Respondent's motion to stay the Court's August 13, 2010 order.  See Doc. No. 27.

On September 17, 2010, the Board held a new hearing and found that Petitioner was suitable for parole.  See Doc. No. 28.  On September 17, 2010, Petitioner was released from custody and discharged from parole.  See Doc. No. 33 at 2.

On November 16, 2010, Respondent filed a renewed motion to stay the Court's August 13, 2010 order.  See Doc. 28.  On January 5, 2011, this Court denied Respondent's motion to stay.  See Doc. No. 31.

1   On February 14, 2011, the Governor reversed the Board's grant of parole and concluded that Petitioner's release from prison posed an unreasonable risk of danger.  See Doc. No. 33, Exhibit 2.

On February 17, 2011, Respondent filed an emergency motion in the Ninth Circuit seeking authorization to return Petitioner to custody pending resolution of the appeal.  Respondent's motion was based on the recent United States Supreme Court case in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam) and the Governor's February 14, 2011 decision.

On February 23, 2011, the Ninth Circuit Court of Appeals issued an order remanding the appeal to the District Court "for the limited purpose of enabling the district court to consider whether state prison officials should be authorized to return petitioner-appellee to custody pending resolution of this appeal, if a motion raising that issue is filed in the district court."  See Doc. No. 32.

On February 24, 2011, Respondent filed a motion seeking that this Court authorize state prison officials to return Petitioner to custody.  See Doc. No. 33.

On February 25, 2011, this Court issued an order authorizing state authorities to return Petitioner to custody and setting a continued custody hearing within two court days of Petitioner's return to custody.  See Doc. No. 34.  The Court's February 25, 2011 Order further provided that at Petitioner's request, counsel would be appointed for the limited purpose of representing Petitioner at the remand hearing and to address the limited issue of Petitioner's continued custody status.  Id.  On March 1, 2011, Respondent and Petitioner's counsel, Assistant Federal Defender Monica Knox, filed a stipulation to set the continued custody hearing for March 3, 2011.  See Doc. No. 35.

**IV.   DISCUSSION**

Federal courts have a duty to consider Article III jurisdiction sua sponte and must dismiss a case if jurisdiction is lacking.  Southern Pacific Transportation Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 502 U.S. 943, 112 S. Ct. 382, 116 L. Ed. 2d 333 (1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  Mootness is jurisdictional.  See Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000). Without a live "case or controversy," this Court lacks jurisdiction over this matter.  Lack of Article III standing is a non-waivable jurisdictional defect that may be addressed at any time.  Renee v. Duncan, 623 F.3d 787, 796 (9th

Cir. 2010). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Northwest Environmental Defense Center, 849 F.2d 1241, 1244, citing United States v. Geophysical Corp., 732 F.2d 693, 698 (9th Cir.1984). In the instant matter, there is no further effective relief that this Court may grant to the parties.

Two significant factual events have occurred since this Court granted Petitioner habeas relief that require sua sponte consideration of Article III jurisdiction regarding mootness. First, the Court's August 13, 2010 order, which granted Petitioner habeas relief, was fully executed. On September 17, 2010, the Board followed the directive of the Court's August 13, 2010 order by holding a new hearing and evaluating whether there was new evidence of current dangerousness. The Board concluded that there was no new evidence of current dangerousness and released Petitioner on parole; at the moment of his release, Petitioner was afforded all the relief provided in the Court's August 13, 2010 order. See Doc. 33. Second, on February 14, 2011, the Governor exercised his discretionary authority under state law and reversed the Board's grant of parole, concluding that Petitioner posed an unreasonable risk of danger to society. See Doc. No. 33, Exhibit 2. Under state law, the Governor's recent decision rendered the Board's September 17, 2010 parole grant a nullity. In light of these developments, a live case or controversy no longer exists.

      A.    Court's August 13, 2010 Order

Respondent contends that this Court's August 13, 2010 order prevents state authorities from taking custody of Petitioner, notwithstanding the Governor's reversal of the Board's grant of a parole release date to Petitioner. See Doc. No. 33 at 3. However, the Court's order does not prevent state authorities from taking Petitioner into custody in light of the Governor's February 14, 2011 finding that Petitioner poses an unreasonable risk of danger to the public.

The Court's August 13, 2010 order found that Petitioner's due process rights had been violated because the Board's November 2006 decision rejecting parole was an "unreasonable application of the 'some evidence' requirement." To remedy this due process violation, the Court in accordance with the then applicable Federal and California law, ordered the Board to find Petitioner suitable for parole unless they conducted a hearing and found Petitioner unsuitable for parole based on new evidence. In compliance with Court's August 13, 2010 Order, the Board conducted a new

hearing, found that Petitioner was suitable for parole, and Petitioner was released on September 17, 2010. Therefore, the Court's August 13, 2010 order was fully executed and Petitioner was given all the relief that he was entitled to. Respondent correctly notes in its February 24, 2011 emergency motion that "the harm to the Board for having to conduct the court ordered hearing in September 2010 ... cannot be undone." See Doc. No. 33 at 3. As the Court's order has been fully executed, no remedy exists that can unring the bell in this matter. In re Baker & Drake, Inc. v. Public Service Commission of Nevada, 35 F.3d 1348, 1351 (9th Cir. 1994); Opala v. Watt, 454 F.3d 1154, 1160 (10th Cir. 2006).

More importantly, the Court's August 13, 2010 order did not (and could not) prevent the Governor from exercising his constitutional authority to revoke the Board's grant of parole, as evidenced by the Governor's invocation of his authority and timely reversal of the Board's grant of parole on February 14, 2011. The Court's August 13, 2010 order's remedial language was directed at the Board only. See Doc. No. 19 at 8.

B.  The Governor's February 14, 2011 Reversal

The Governor has the authority to review and affirm, modify, or reverse the Board's decision to grant parole to a prisoner convicted of murder. Cal. Const., art. V, §8 (b); Cal. Penal Code §3041.2; see also In re Rosenkrantz, 29 Cal. 4th 616 (2002). Here, the Governor chose to exercise his authority and reverse the Board and find that Petitioner posed an unreasonable risk of danger to society if released from prison. The Governor based his decision in part on the circumstances of Petitioner's second degree murder offense and noted: "[Petitioner's] crime was especially heinous and cruel. In a display of extreme callousness, after stabbing the victim, [Petitioner] crushed her head with a large rock." See Doc. No. 33, Exhibit 2. The Governor also found that Petitioner failed to develop adequate insight into the reasons that caused him to commit the crime and that findings by the 2009 psychological evaluator caused him to question Petitioner's suitability for parole. Id. The Governor concluded that Petitioner remained a danger to the public. Id.

Pursuant to Cal. Const., art. V, §8 (b), the Governor's reversal of the Board's decision nullified the Board's grant of parole. Because Petitioner's September 17, 2010 release was based solely on the Board's grant of parole, Petitioner is no longer entitled to a release date. In light of the

1  Governor's decision, there is no existing decision granting Petitioner a parole release for any federal
2  court to vacate.  In other words, there is no further effective relief the courts can provide, and Article
3  III jurisdiction is lacking.  Now the issue is one of State law and decision regarding Petitioner's
4  continued custody.

**ORDER**

As the Court finds that it does not have jurisdiction in this matter, this Court cannot either authorize state officials to detain or release Petitioner in custody pending appeal.  The State maintains its own independent authority on whether or not to hold Petitioner in custody in light of the Governor's February 14, 2011 Order.  The February 25, 2011 Order (Doc. No. 34) of this Court is hereby rescinded.

IT IS SO ORDERED.

**Dated:   March 3, 2011**                      **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE